John OUIMET; et al., Plaintiffs—
Appellants,

v.

USAA CASUALTY INSURANCE
COMPANY, Defendant—
Appellee.

No. 01–57209.

D.C. No. CV–00–00752–VAP.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 3, 2003.

Decided Oct. 28, 2003.

* This panel unanimously finds this case suit-
able for decision without oral argument.
Fed. R.App. P. 34(a)(2).

** The Honorable C. Arlen Beam, Senior Judge,
United States Court of Appeals for the Eighth
Circuit, sitting by designation.

*** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as provided by
Ninth Circuit Rule 36–3.

E. Lyn LeMaire, Topanga, CA, for Plaintiff–Appellant.

Maureen M. Michail, Daniels, Fine, Israel & Schonbuch, LLP, Los Angeles, CA, for Defendant–Appellee.

Before D.W. NELSON, WARDLAW, and FISHER, Circuit Judges.

## MEMORANDUM*

John and Jan Ouimet appeal from the grant of summary judgment in favor of USAA Casualty Insurance Company ("USAA"). The district court found that USAA had not breached its duty to defend, and accordingly, granted its motion for summary judgment. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse.

In California, a duty to defend is triggered if the third party complaint against the insured "alleges the insured's liability for damages *potentially* covered under the policy, or if the complaint might be amended to give rise to a liability that would be covered under the policy." *Montrose Chem. Corp. v. Superior Court,* 6 Cal.4th 287, 299, 24 Cal.Rptr.2d 467, 861 P.2d 1153 (1993) (emphasis in original). An insurer is relieved of its duty to defend only if the third party complaint at issue "can by no conceivable theory raise a single issue which could bring it within the policy coverage." *Id.* at 300, 24 Cal.Rptr.2d 467, 861 P.2d 1153. Any doubt as to whether the facts establish the existence of the defense duty must be resolved in the insured's favor. *Id.*

USAA has failed to prove that there is no conceivable theory under which the lawsuit at issue could be covered by its policy. The third party plaintiffs' complaint expressly alleges that they suffered physical injury, pain, and suffering as a result of their neighbors' actions. These allegations are supported by the underlying facts described in the complaint. The alleged loud noises and frequent disruptions perpetrated by the Oiumets' tenant could reasonably have caused bodily harm and property damage to the third party plaintiffs.

As for the accidental nature of the acts, USAA has failed to conclusively demonstrate that the acts were of a "voluntary" rather than accidental nature. While it is possible that all of the alleged acts were perpetrated intentionally, it is equally possible that they occurred accidentally. Furthermore, it is possible that some or all of these allegations are false, exaggerated, or both. As the California Supreme Court noted in *Gray v. Zurich Ins. Co.,* 65 Cal.2d 263, 54 Cal.Rptr. 104, 419 P.2d 168 (1966),

---

allegations of intentional conduct do not conclusively establish that an insurance policy containing an exclusion for intentional acts will not cover the costs of defending against the allegations. *Id.* at 273, 54 Cal.Rptr. 104, 419 P.2d 168.

Furthermore, the complaint itself alleges negligent conduct in addition to intentional conduct. It is well-established that negligent conduct can still constitute a covered occurrence under a policy with an "accident" requirement. *See Anthem Elecs., Inc. v. Pacific Employers Ins. Co.,* 302 F.3d 1049, 1055–56 (9th Cir.2002).

Given the allegations in the complaint and the underlying facts known to USAA at the time of tender, USAA had a duty to defend the insured because it was presented with a potential claim for bodily injury and property damage.

Therefore, we GRANT the petition for rehearing, and REVERSE the district court. We GRANT partial summary judgment to the Oiumets and hold that USAA breached the insurance contract. We REMAND for a new trial on the Oiumets' remaining claims and an assessment of damages.

We AFFIRM the district court's denial of the Oiumets' discovery motion. The district court did not abuse its discretion in denying the motion, because the Oimets failed to show that their neglect was "excusable" under Federal Rules of Civil Procedure 60(b).

Each party shall bear its own costs.

**AFFIRMED IN PART; REMAND FOR NEW TRIAL.**